```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

KEVIN W. HOSKINS,

                Petitioner,

vs.                              Case No.   2:04-cv-199-FtM-99DNF

CARL W. KIRKLAND; ATTORNEY GENERAL,
STATE OF FLORIDA; SECRETARY,
DEPARTMENT OF CORRECTIONS,

                Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner, Kevin W. Hoskins, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on April 1, 2004[1] (the "Petition"). The Petition herein challenges Petitioner's May 1, 2001, state court judgment of conviction for Lewd Sexual Battery (case no. 99-002265-CF) that was entered in the Twentieth Judicial Circuit Court, Lee County, Florida, to which Petitioner pled guilty and was sentenced to 120 months imprisonment (Exh. #1)[2].

---

[1] The Petition (Doc. #1) was filed in this Court on April 5, 2004; however, the Court deems the Petition filed when delivered to prison authorities for mailing. Absent evidence to the contrary, this date is assumed to be the date the inmate signed the petition (April 1, 2004). See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). If applicable, the Court also will give Petitioner the benefit of the mailbox rule with respect to any state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The Court hereinafter will refer to as the exhibits referenced in and submitted in support of Respondent's Response to the Petition (Doc. #9) as "Exh."

Petitioner did not directly appeal the state court judgment. On November 9, 2003, Petitioner filed the first collateral attack of his conviction by filing a Petition for Writ of Habeas Corpus for Belated Appeal pursuant to Rule 9.141(c) of the Florida Rules of Appellate procedure ("state petition" Exh. #2). After directing Petitioner to file a supplemental state petition (Exh. #3), the appellate court denied Petitioner's request to file a belated appeal without discussion on February 2, 2004 (Exh. #5). Petitioner filed a motion for rehearing and/or clarification (Exh. #6), which also was denied by the appellate court (Exh. #7). No other post-conviction motions were filed by Petitioner.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    Respondent contends that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. <u>See</u> Response to Petition for Writ of Habeas Corpus at page 4 (Doc. #8).  Respondent submits exhibits in support of its Amended Response (Doc. #9).  Petitioner was given admonitions and a time frame to file a Reply to the Amended Response. <u>See</u> Order of Court (Doc. #6).  On September 14, 2004, Petitioner filed a Reply to Respondent's Response (Doc. #11).

    Since Petitioner did not directly appeal his May 1, 2001 conviction, his state conviction became final on June 1, 2001 (after the thirty-day time period for filing an appeal expired). Consequently, Petitioner's conviction was final <u>after</u> the effective

date of the one-year AEDPA's limitations period. Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on June 1, 2002. The Petition filed in this Court on April 1, 2004 would be untimely, unless Petitioner could avail himself of one of the statutory provisions which extends or tolls the one-year time period.

Here, Petitioner waited 891 days to file any motions for post conviction relief, which was well after the expiration of the federal one-year limitation period had expired. "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)).

In his Reply, Petitioner faults his defense counsel for his failure to file a timely appeal, and thus a timely Petition. Reply at ¶14 (Doc. #11). Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir.

2004)(finding "rare circumstances" merit a finding of equitable tolling).  The burden is on Petitioner to make both a showing of extraordinary circumstances that are both beyond his control and unavoidable as well as demonstrate due diligence.  This high hurdle is not surmounted easily.  Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted). Attorney negligence does not warrant equitable tolling.  Pugh v. Smith,469 F.3d 1295, (11th Cir. 2006); Howell, 415 F.3d at 1252; Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001); Sneed v. Head, 219 F.3d 1298 (11th Cir. 2000); Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999).

Consequently, Petitioner has not shown any justifiable reason why the dictates of the one-year federal limitations period should not be imposed upon him.  Neither does Petitioner allege actual innocence, nor present any new evidence which would establish that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt.  See Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence")(citations omitted).

Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.   The case is **DISMISSED** with prejudice.

2.   The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___17th___ day of November, 2006.

                                              JOHN E. STEELE
                                              United States District Judge

SA:   hmk
Copies: All Parties of Record